**RECORD NO. 12-4364**

# In The
# United States Court Of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**RANDY BAKER,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

———————

## BRIEF OF APPELLANT

———————

**Henderson Hill, Director**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
*Counsel of Record*
**Assistant Federal Defender**
**Douglas E. Roberts**
**Staff Attorney**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC  28202**
**(704) 374-0720**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

                                                                                                Page

TABLE OF AUTHORITIES ................................................................................ ii

NATURE OF THE APPEAL ............................................................................... 1

STATEMENT OF JURISDICTION .................................................................... 1

STATEMENT OF THE ISSUE ............................................................................ 1

STATEMENT OF THE CASE ............................................................................. 2

STATEMENT OF THE FACTS .......................................................................... 3

SUMMARY OF ARGUMENT ............................................................................ 4

ARGUMENT ........................................................................................................ 5

      Randy Baker's Sentence of 22 months' imprisonment was plainly
      unreasonable ................................................................................................ 5

CONCLUSION ..................................................................................................... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Anders v. California*,
    386 U.S. 738 (1967)..................................................................................1

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988)..................................................................................1

*Penson v. Ohio*,
    488 U.S. 75 (1988)....................................................................................1

*United States v. Crudup*,
    461 F.3d 433 (4th Cir. 2006) ...............................................................5, 6, 7

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) ....................................................................6

**Statutes:**

18 U.S.C. § 924(c) ...........................................................................................2

18 U.S.C. § 2113 .............................................................................................2

18 U.S.C. § 3231 .............................................................................................1

18 U.S.C. § 3553(a) .....................................................................................5, 6

18 U.S.C. § 3583 .............................................................................................1

18 U.S.C. § 3583(e) ........................................................................................5

18 U.S.C. § 3742 .............................................................................................1

28 U.S.C. § 1291 .............................................................................................1

**Guideline:**

USSG § 7B1.3(e) .............................................................................................3

## NATURE OF THE APPEAL

Appellant Randy Baker submits this Brief to the Court under *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

After a careful examination of the whole record in this case, counsel for Baker has determined that Baker has no meritorious grounds for appeal. Counsel has set forth below the issue that Baker has requested she pursue.

## STATEMENT OF JURISDICTION

Baker appeals from two judgments for revocation of supervised release and sentences entered on May 2, 2012, in the United States District Court for the Western District of North Carolina. *United States v. Baker*, Nos. 3:01-cr-45 (W.D.N.C. May 2, 2012); 3:01-cr-145 (W.D.N.C. May 2, 2012). The district court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. This Court has jurisdiction to hear the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the 22-month term of imprisonment imposed by the district court was plainly unreasonable.

1

## STATEMENT OF THE CASE

On May 3, 2001, Randy Baker pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113; and one count of use of a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c).  Dkt. # 30, 118, Case No. 3:01-cr-45 ("Case #45").  On October 18, 2001, Baker pled guilty to another count of bank robbery.  Dkt. #2, 26, Case No. 3:01-cr-145 ("Case #145").  Baker was sentenced for all of these offenses on February 13, 2002.  In Case #45, he received 33 months' imprisonment on the bank robbery count, 84 months on the §924(c) count, to run consecutively, and 36 months' supervised release.  Dkt. # 118, Case No. 3:01-cr-45.  In Case #145,  he was sentenced to 33 months' imprisonment and 10 months' supervised release, to run concurrently with the sentences in Case #45. Dkt. #26, Case No. 3:01-cr-145.

On March 1, 2012, Baker's probation officer filed petitions in both cases alleging nine violations of the terms of Baker's supervised release.  Dkt. # 118, Case No. 3:01-cr-45; Dkt. #26, Case No. 3:01-cr-145. On April 26, 2012, Baker admitted to seven of those violations.  Docket reports, Case No. 3:01-cr-45; Case No. 3:01-cr-145. The district court revoked Baker's supervised release and sentenced him to 22 months' imprisonment in Case #45 and to a concurrent term of 10 months' imprisonment in Case #145, with no supervised release to follow.

2

Dkt. # 124, Case No. 3:01-cr-45; Dkt. #32, Case No. 3:01-cr-145. Baker timely filed a notice of appeal as to each sentence. Dkt. #125, Case No. 3:01-cr-45; Dkt. #33, Case No. 3:01-cr-145.

## STATEMENT OF THE FACTS

Randy Baker has been on supervised release since he finished serving his prison sentence for bank robbery and firearms violations in 2009. His supervision was revoked on June 24, 2010, when the district court sentenced him to six months' imprisonment, and again on September 14, 2011, when the district court ordered him imprisoned for eight months. Dkt. ##107, 115, Case No. 3:01-cr-45.

The instant revocation arose from five new law violations—all of which related to Baker's unlicensed or uninsured operation of a motor vehicle—one failure to comply with drug testing requirements, and one failure to report contact with a law enforcement officer. Dkt. #124, Case No. 3:01-cr-45; Supervised Release Violation Transcript ("SRV Tr.") at 2-3, 6-8. The U.S. Probation Office calculated Baker's guideline sentencing range to be between 6 and 12 months' imprisonment under USSG § 7B1.3(e). Dkt. #118, Case No. 3:01-cr-45, at 6. Neither Baker nor the government objected, and the court agreed that 6-12 months was the appropriate guideline range. SRV Tr. at 3.

3

While acknowledging that Baker's conduct on supervised release had not been "pretty," Baker's counsel stressed that his violations were nonviolent and did not stem from driving while impaired, that Baker had passed drug tests once they were administered, and that Baker had been seeking help to improve his decision-making skills. *Id.* at 4-10. Counsel requested a sentence of 14 months' imprisonment—two months above the top of Baker's guidelines range—on Case #45 and a concurrent 10-month term of active imprisonment on Case #145, with a termination of supervised release. *Id.* at 10. The government requested 30 months' imprisonment on Case #45, 10 months' concurrent imprisonment on case #145, and no supervision to follow. *Id.* at 15.

The court noted that "the violations were nonviolent," but expressed concern that Baker was "virtually unsupervisable," based on his two previous revocations, resulting in his serving an additional 14 months in prison, and his current offenses. *Id.* at 17, 20. It revoked Baker's supervised release and sentenced him to 22 months' imprisonment on Case #45, with a concurrent sentence of 10 months on Case #145, and no further supervision after his release.

## SUMMARY OF ARGUMENT

Baker argues that his sentence was plainly unreasonable and should be vacated. However, the district court considered the relevant policy statements and factors set forth in the U.S. Sentencing Guidelines, and, while the sentence exceeds

4

Baker's guideline range, there is no support for the argument that it is plainly unreasonable in light of Baker's prior revocations and the court's explanation for its sentence.

## ARGUMENT

**Randy Baker's Sentence of 22 months' imprisonment was plainly unreasonable.**

This Court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was within the applicable statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 440. If a revocation sentence is not unreasonable, the Court will not examine whether the sentence is plainly unreasonable. *Id.* at 439.

Under 18 U.S.C. § 3583(e), the maximum term of imprisonment that Baker could have received was 46 months: 60 months because his original offense was a Class A felony, minus the 14 months in revocation sentences he had already served. *See* Dkt. # 118, Case No. 3:01-cr-45; SRV Tr. at 13. His 22-month sentence thus falls short of the maximum.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a) that are

5

relevant to supervised release revocation. *Id.* The district court "must provide a statement of reasons for the sentence imposed," but it need not explain its rationale in as much detail as it would in prescribing an original sentence. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (quotation omitted).

Here, the court found that the Guideline range was 6-12 months and stated that it was sentencing Baker to 22 months' imprisonment in light of the § 3553(a) factors, specifically mentioning the defendant's previous revocations and the nonviolent nature of the instant offenses. SRV Tr. at 16-17, 20. Thus, the court expressly considered the Guidelines policy statements and the § 3553(a) factors. And while the court's explanation of its sentence was not lengthy, the court stated that its sentence was based on the fact that Baker already had violated his supervised release twice previously, had served 14 months' imprisonment as a result, and seemed "to be totally unsupervisable." SRV Tr. at 20. It also explained that it was taking into consideration Baker's argument that his violations were nonviolent. *Id.* at 17. Counsel has found no authority supporting the argument that this explanation is inadequate.

Substantively, the district court had broad discretion to impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 439. The court was required to state a "proper basis" justifying its sentence. *Id.* at 440. A pattern of violating conditions of supervised release is a proper justification for an above-

6

guidelines sentence, *id.*, and that is the justification given by the district court in this instance. Counsel has found no authority supporting the argument that Baker's sentence was substantively unreasonable.

## CONCLUSION

Baker respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

This, the 25th day of July, 2012.

                          Henderson Hill, Director
                          Federal Defenders of
                          Western North Carolina, Inc.

                          /s Ann L. Hester
                          Ann L. Hester
                          Assistant Federal Defender
                          Douglas E. Roberts
                          Staff Attorney
                          129 W. Trade St., Suite 300
                          Charlotte, NC 28202
                          (704) 374-0720

                          *Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,394</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Ann L. Hester
Ann L. Hester

*Counsel for Appellant*

Dated: July 25, 2012

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on July 25, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    100 Otis Street
    Asheville, NC  28801

    *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

        Mr. Randy Baker, #16550-058
        FCI BENNETTSVILLE
        Federal Correctional Institution
        P.O. Box 52020
        Bennettsville, SC  29512

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

        /s/ Melissa A. Dockery
        Melissa A. Dockery
        GIBSON MOORE APPELLATE SERVICES, LLC
        421 East Franklin Street, Suite 230
        Richmond, VA  23219